IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 10-cv-01604-REB-CBS

EIGHTH DISTRICT ELECTRICAL PENSION FUND,
EIGHTH DISTRICT ELECTRICAL PENSION FUND ANNUITY PLAN,
TRUSTEES OF EIGHTH DISTRICT ELECTRICAL PENSION FUND & ANNUITY PLAN,
EIGHTH DISTRICT ELECTRICAL BENEFIT TRUST FUND,
TRUSTEES OF EIGHTH DISTRICT ELECTRICAL BENEFIT TRUST FUND,
DENVER JOINT ELECTRICAL APPRENTICESHIP AND TRAINING COMMITTEE, and
TRUSTEES OF DENVER JOINT ELECTRICAL APPRENTICESHIP AND TRAINING COMMITTEE,

   Plaintiffs,

v.

ELECTRICAL SYSTEMS CORPORATION,

   Defendant.

## ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

**Blackburn, J.**

This matter is before the court on plaintiffs' **Motion for Default Judgment** [#9][1] filed October 12, 2010. Having considered plaintiffs' application, and defendant having failed to answer or respond to the complaint or the motion for default judgment, the court enters default judgment in favor of the plaintiffs and against the defendant. The court makes the following findings:

### FINDINGS AND CONCLUSIONS

1. On July 8, 2010, plaintiffs filed their Complaint [#1] pursuant to the Employee

---

[1] "[#9]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. Plaintiffs are multi-employer benefit plans as defined in section 3(37)(A) and section 515 of ERISA, 29 U.S.C. § 1002(37)(A) and 1145.

2. Plaintiffs seek an order requiring defendant, Electrical Systems Corporation, to pay delinquent contributions, interest, liquidated damages or other statutory damages, costs, and attorney fees due from defendant under the terms of a collective bargaining agreement and related trust fund agreements, and in accordance with the provisions of ERISA.

3. The court has subject matter jurisdiction under section 502(e) of ERISA, 29 U.S.C. § 1132(e), and has personal jurisdiction over defendant because defendant resides and does business in Colorado, the breach occurred in Colorado, and the Funds are administered in Colorado, all of which confer jurisdiction under ERISA, 29 U.S.C. § 1132(e).

4. On July 9, 2010, the Summons and Complaint were served on Barbara Root, as defendant's registered agent for service of process.

5. On August 24, 2010, plaintiffs filed an application for entry of default against defendant under Fed.R.Civ.P. 55(a) [#6], because defendant has not answered or responded to the Complaint.

6. Default [#7] was entered by the Court Clerk on August 26, 2010.

7. As of this date, defendant has failed to answer or respond to the Complaint or any other pleadings in this case.

8. Plaintiffs have adduced probative evidence, as shown by the sworn affidavit and attached exhibit submitted with plaintiffs' motion for default judgment, proving that defendant was signatory to a collective bargaining agreement with International

2

Brotherhood of Electrical Workers, Local No. 113, which required defendant to submit contributions to the Funds for pensions, health insurance, and other employee benefits or contractual obligations. Such evidence shows that defendant did not submit contributions for the period from September 2008 through November 2008. In addition, the evidence shows that defendant owes interest on the delinquent contributions in accordance with the collective bargaining agreement and associated trust agreements.

9. Based upon the evidence adduced by plaintiffs, the failure of defendant to answer or respond to the Complaint, and the law as provided in ERISA, the court grants plaintiffs' application for default judgment against defendant.

10. Plaintiffs are entitled to a judgment requiring the defendant to pay delinquent contributions for September 2008 through November 2008 in the amount of $18,981.96.

11. Plaintiffs also are entitled to a judgment requiring the defendant to pay interest on such unpaid contributions in the amount of $6,483.62.

12. Plaintiffs also are entitled to an order directing defendant to pay the greater of liquidated damages at the rate of 18 percent based on the amount of the unpaid contributions, or interest on such unpaid contributions in the amount of $6,483.62. The amount of interest herein is greater than liquidated damages, and thus Electrical Systems should be ordered to pay that amount in accordance with the statutory remedy in 29 U.S.C. § 1132(g)(2)(C).

13. Plaintiffs also are entitled to an order directing defendant to pay plaintiffs' reasonable attorney fees and costs incurred in this action to enforce defendant's obligations under ERISA.

**THEREFORE, IT IS ORDERED** as follows:

1. That the plaintiffs' **Motion for Default Judgment** [#9] filed October 12, 2010, is **GRANTED**;

2. That **DEFAULT JUDGMENT SHALL ENTER** in favor of the plaintiffs, Eighth District Electrical Pension Fund, Eighth District Electrical Pension Fund Annuity Plan, Trustees of Eighth District Electrical Pension Fund & Annuity Plan, Eighth District Electrical Benefit Trust Fund, Trustees of Eighth District Electrical Benefit Trust Fund, Denver Joint Electrical Apprenticeship and Training Committee, and Trustees of Denver Joint Electrical Apprenticeship and Training Committee, against the defendant, Electrical Systems Corporation;

3. That the plaintiffs are **AWARDED** damages and interest in the following amounts:

   A. delinquent contributions in the amount of 18,981.96 dollars;

   B. interest at the rate determined by the plan on such unpaid contributions from the date they were initially due to October 12, 2010, in the amount of 6,483.62 dollars;

   C. interest at the rate determined by the plan on such unpaid contributions from October 13, 2010, until the date the unpaid contributions are paid in full;

   D. liquidated damages in the amount of $6,483.62 in accordance with 29 U.S.C. § 1132(g)(2)(C);

4. That defendant shall pay plaintiffs' reasonable attorney fees and costs incurred in this action to enforce defendant's obligations under ERISA;

5. That within twenty-one (21) days after entry of this order, plaintiffs shall submit

a bill of costs in accordance with D.C.COLO.LCivR 54.1; and

6.  That within twenty-one (21) days after entry of this order, plaintiffs **SHALL FILE WITH THE COURT** a motion for award of attorney fees, including supporting affidavit(s), in accordance with Fed. R. Civ. P. 54(d)(2) and D.C.COLO.LCivR 54.3.

Dated September 20, 2011, at Denver, Colorado.

                                          **BY THE COURT:**

                                          Robert E. Blackburn
                                          United States District Judge